**SCHOOL DISTRICT OF THE CITY OF YORK, Petitioner**

v.

**LINCOLN CHARTER SCHOOL, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 2005.

Decided Jan. 6, 2006.

Gregory H. Gettle, York, for petitioner.

Daniel M. Fennick, York, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The School District of the City of York (School District) appeals from the State Charter School Appeal Board's (Charter Appeal Board) reversal of its denial of the Lincoln Charter School's (Lincoln) charter school renewal application because members of its Board of Trustees (Lincoln Board) failed to file statements of financial interest (Ethics Act statements) making Lincoln's charter subject to non-renewal as it was not in compliance with all laws as required by Section 1729–A(a)(5) of the Charter School Law.[1]

As required,[2] Lincoln requested from the School District a renewal of its charter

---

1. Act of March 10, 1949, P.L. 30, *added* June 19, 1997, P.L. 225, *as amended,* 24 P.S. § 17–1729–A(a)(5). Section 1729–A(a)(5) provides:
 (a) During the term of the charter or at the end of the term of the charter, the local board of school directors may choose to revoke or not to renew the charter based on any of the following:
 * * * *
 (5) Violation of any provision of law from which the charter school has not been ex-

empted, including Federal laws and regulations governing children with disabilities.

2. Section 1720–A of the Charter School Law, 24 P.S. § 17–1720–A, provides in relevant part: "The charter shall be for a period of no less than three (3) nor more than five (5) years and may be renewed for five (5) year periods upon reauthorization by the local board of school directors of a school district or the appeal board."

granted in 2000 for an additional five-year period. At the renewal hearing, it was established that all of the Lincoln Board members had neglected to file their Ethics Act statements in their capacities as members of the Lincoln Board[3] as required by Section 1104(a) of the Public Official and Employee Ethics Act (Ethics Act)[4] for the years 2001 and 2002, and had filed untimely and incomplete Ethics Act statements for the year 2003. For this and other reasons not relevant here,[5] the School District denied Lincoln's charter renewal application.

Lincoln appealed the School District's denial of its renewal request to the Charter Appeal Board, which reversed, finding that while the members of the Lincoln Board violated Section 1729–A(a)(5) of the Charter School Law's requirement that Lincoln not be in violation of the law (and it was by its directors not filing their required Ethics Act statements), that alone did not constitute sufficient grounds to deny Lincoln's charter renewal application.

The School District then filed this appeal[6] contending that because Section 1729–A(a)(5) of the Charter School Law allows the non-renewal of a charter if a charter school is not in compliance with all laws for which it has not been exempted, the Charter Appeal Board abused its discretion by not revoking Lincoln's charter once it was established that members of the Lincoln Board failed to file their Ethics Act statements.[7] What this argument

---

3. Three board members, however, did file financial statements at their places of business as Mayor of the City of York, Controller of the City of York and an employee of the York County Department of Probation and Parole.

4. 65 Pa.C.S. § 1104(a). Section 1715–A(11) of the Charter School Law, 24 P.S. § 17–1715–A(11), states that individual "[t]rustees of a charter school shall be public officials." Section 1104(a) of the Ethics Act requires "[e]ach" public official to file statements of financial interest for the preceding calendar year and Section 1109 of the Ethics Act, 65 Pa.C.S. § 1109, imposes civil and criminal penalties on "[a]ny person who violates" its provisions.

5. In addition to the failure of Board members not filing Ethics Act statements, the School District denied Lincoln's charter renewal request because: (1) Lincoln violated material terms of the conditions, standards or procedures contained in its written charter by failing to apply the "50/50 sharing plan" mentioned in the management agreement and incorporated into the charter; (2) Lincoln failed to meet the requirements of student performance set forth in 22 Pa.Code, Chapter 5, and in its charter, based on the PSSA test scores and standards of the No Child Left Behind Act for math and reading for the school years 2001–02 through 2003–04; (3) Lincoln failed to meet generally accepted standards of fiscal management and audit requirements because Lincoln failed to

make lease payments to the School District; and (4) Lincoln violated the law by failing to provide the School District with access to its records.

6. Our scope of review of the Charter Appeal Board's determination is whether it violates constitutional rights, is not in accordance with the law, or is not supported by substantial evidence. *School District of the City of York v. Lincoln–Edison Charter School,* 798 A.2d 295 (Pa.Cmwlth.2002).

7. The School District relies on a previous Charter Appeal Board's decision, *Re: Thurgood Marshall Academy Charter School v. Wilkinsburg School District,* Docket No. CAB 2001–5 (January 15, 2002), to contend that once a violation is made out, then the charter has to be revoked. In that case, the Charter Appeal Board held that Wilkinsburg School District properly terminated the Thurgood Marshall Academy Charter School's charter because it had, among many other serious violations, violated laws from which the charter school had not been exempted, namely, the Ethics Act. The Charter Appeal Board concluded that a charter school's board of trustees is subject to the Ethics Act's financial interest disclosure mandates as public officials, and that no public official is permitted to continue his/her duties unless and until the statement has been filed. 65 Pa.C.S. § 1104(d). Because of that violation and other more serious violations, the Charter Appeal

ignores, however, is that nothing requires the Charter Appeal Board to follow the School District's determination to revoke Lincoln's charter, even if the failure of its Board members to file Ethics Act statements can be imputed to Lincoln.

 Initially, Section 1729–A(a)(5) of the Charter School Law does not provide that a charter must be revoked or cannot be renewed if it is established that a charter school is in violation of the law. It only provides that "the local board of school directors may choose to revoke or not to renew the charter" if it finds that a charter school is in "[v]iolation of any provision of law from which the charter school has not been exempted ...." In this case, the School District decided to exercise its discretion and revoke the charter, but that decision is not binding on the Charter Appeal Board.

In *West Chester Area School Dist. v. Collegium Charter School,* 760 A.2d 452, 460–461 (Pa.Cmwlth.2000), we stated:

Subsection 1717–A(i)(6) of the CSL specifically provides:

In any appeal, the decision made by the local board of directors shall be reviewed by the appeal board on the record as certified by the local board of directors. The appeal board shall give due consideration to the findings of the local board of directors and specifically articulate its reasons for agreeing or disagreeing with those findings in its written decision. The appeal board shall have the discretion to allow the local board of directors and the charter school applicant to supplement the record if the supplemental information was previously unavailable. 24 P.S. § 17–1717A(i)(6). (Emphasis added.)

This section explicitly directs that the CAB "specifically articulate its reasons for agreeing or disagreeing" with the findings of the local board of directors. By giving the CAB the right to disagree with the local school board and requiring it to specifically articulate its reasons for doing so, the General Assembly has **unquestionably granted the CAB the authority to substitute its own findings and independent judgment for that of the local school board.** (Emphasis added.)

 The Charter Appeal Board then has "independent judgment" to determine whether the violation of law is sufficiently serious to cause the non-renewal of Lincoln's charter, only constrained by the requirement to articulate rational reasons why it did not follow a school district's decision. In this case, because Lincoln was only in violation of the Ethics Act, the Charter Appeal Board found, in the exercise of its independent judgment, that that was an insufficient reason not to renew Lincoln's charter. Especially in light of

Board affirmed Wilkinsburg School District's determination to revoke that charter. *Thurgood Marshall,* however, is not applicable for several reasons. First, unlike in this case, in *Thurgood Marshall,* there were many serious violations other than the Ethics Act violation that justified its charter revocation. Second, just because a Charter Appeal Board member of a charter school did not file an Ethics Act statement does not mean that the charter school is in violation of the Ethics Act; only the individual board member is in violation because filing is an individual responsibility, not the corporate responsibility of the charter school. Charter schools are required to orga-

nize as non-profit corporations. Section 1703–A of the Charter School Law, 24 P.S. § 17–1703–A. Just like any corporation, the failure of any Charter Appeal Board member not to carry out his or her individual responsibility cannot be imputed to the corporation itself. While the School District or the Charter Appeal Board can take the failure to file Ethics Act statements into consideration in determining governance issues, that violation cannot be imputed to the charter school so that it can be considered in violation of any law, making its charter subject to non-renewal or revocation under Section 1729–A(a)(5) of the Charter School Law.

the fact that the School District chose not to renew for a multitude of reasons that have fallen by the wayside, the Charter Appeal Board's reason for not following the School District's determination not to renew and grant the charter was not an abuse of discretion.

Accordingly, the Charter Appeal Board's reversal of the School District's decision not to renew Lincoln's charter is affirmed.

**ORDER**

AND NOW, this *6th* day of *January,* 2006, the order of the State Charter School Appeal Board dated August 19, 2005, is affirmed.